UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
VAN HUA,                            )     No. C08-0010RSL
                                    )
                  Plaintiff,        )
     v.                             )     ORDER DENYING DEFENDANTS'
                                    )     MOTION TO COMPEL
BOEING CORPORATION, *et al.*,       )
                                    )
                  Defendants.       )
_____)

This matter comes before the Court on "Defendants' Motion to Compel Answers to Boeing's Written Discovery." Dkt. # 19. Because defendants did not make a good faith effort to confer with plaintiff regarding this discovery dispute before filing their motion, their motion is DENIED.

The meet and confer requirements of Fed. R. Civ. P. 37(a)(1) and Local Civil Rule 37(a)(1)(A) are imposed for the benefit of the Court and the parties. They are intended to ensure that parties have an inexpensive and expeditious opportunity to resolve discovery disputes and that only genuine disagreements are brought before the Court. In the circumstances presented here, compliance with the Rule would have involved face-to-face or telephonic communications regarding the particular deficiencies defendants perceived in plaintiff's production.

There is no evidence that the parties had face-to-face discussions regarding anything other than the pieces of paper plaintiff mentioned during his deposition. The motion to

ORDER DENYING DEFENDANTS'
MOTION TO COMPEL

1 compel is therefore denied as to defendants' request for additional evidence regarding plaintiff's
2 damages calculations and any discovery requests to which the papers in plaintiff's work space
3 are not responsive.

4 Nor do the communications between counsel during and after plaintiff's deposition
5 satisfy the meet and confer requirements of Rule 37(a)(1). Four months ago, defendants asked
6 plaintiff to produce documents mentioned during his deposition, and plaintiff's counsel agreed.
7 Upon further investigation, plaintiff's counsel discovered that the pieces of paper identified by
8 plaintiff were work orders unrelated to this litigation and that plaintiff had, in fact, already
9 produced all relevant documents in his possession. Whether counsel conveyed this fact to
10 defendants in July 2008 is unclear. The next communication between the parties was
11 defendants' November 2008 e-mail declaring that plaintiff "never responded to our written
12 discovery . . . ." Hammack Decl., Ex. J. Plaintiff's counsel responded: "I'll go back and check
13 out the additional discovery you refer to but I do not believe that there is any additional
14 information to provide." Id. Defendants identified no particular discovery requests or
15 deficiencies and made no other attempt to meet and confer with plaintiff.

16 A good faith effort to resolve this matter would have involved an exchange of
17 information until no additional progress was possible. This did not happen. As is clear from the
18 memoranda, the positions of the parties were unknown when defendants filed their motion, a
19 sure sign that the requirements of Rule 37(a) have not been satisfied. Particular deficiencies
20 identified by defendants in their motion and reply memorandum should have been, but
21 apparently were not, discussed with plaintiff before filing. Plaintiff's belief that all responsive
22 documents had been produced and an explanation of the deposition testimony could then have
23 been conveyed. Because no meaningful discussion regarding the perceived deficiencies took
24 place, plaintiff and the Court are left to guess whether defendants are contesting plaintiff's
25 assertion of the attorney-client privilege, are insisting that plaintiff produce documents already
26

within their possession, are convinced that the EEOC file is non-responsive, or are simply arguing that plaintiff must have more evidence than that which has already been provided. Negotiation and a fuller understanding of the dispute were possible on various fronts, but defendants' precipitous filing of this motion ended any chance that the parties could resolve this dispute without Court intervention.

For all of the foregoing reasons, defendants' motion to compel is DENIED for failure to comply with Rule 37(a).

Dated this 5th day of February, 2009.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge