UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
VAN HUA,

          Plaintiff,

    v.

BOEING CORPORATION, *et al.*,

          Defendants.
_____

No. C08-0010RSL

ORDER DENYING PLAINTIFF'S
MOTION TO COMPEL AND
DEFENDANTS' MOTION FOR
PROTECTIVE ORDER

This matter comes before the Court on plaintiff's "Motion to Compel Answers to Plaintiff's Interrogatories & Requests for Production to Defendants Brad Bradley and Boeing Corporation" (Dkt. # 66) and "Defendants' Motion for Protective Order" (Dkt. # 68). All of plaintiff's claims have been dismissed with the exception of the claim that defendants intentionally discriminated against him under Title VII of the Civil Rights Act of 1964 and the Washington Law Against Discrimination ("WLAD") when defendant Bradley failed to promote him to a lead position in 2006. Most of the discovery discussed in plaintiff's motion to compel is no longer relevant. Because the posting and withdrawal of the 2006 lead position was not properly joined during discovery (plaintiff's deposition testimony convinced defendants that his failure to promote claim involved an application made in 2004), the parties will be given an opportunity to conduct additional discovery focused on this issue.

Although new discovery requests will supercede those at issue in the two pending

ORDER DENYING PLAINTIFF'S
MOTION TO COMPEL AND DEFENDANTS'
MOTION FOR PROTECTIVE ORDER

motions, the Court offers the following in the hopes of avoiding future discovery disputes:

(1) In order to succeed on his claims, plaintiff must show that defendant Bradley intentionally discriminated against him based on his race or national origin. Defendant Boeing's liability is based on a theory of *respondeat superior*. Plaintiff may not, therefore, engage in wide-ranging discovery to see if Boeing has any practices or policies that disparately impact Asians or Vietnamese or to determine whether any other Boeing employees discriminated against plaintiff or members of his protected group.

(2) Discovery related to complaints levied against defendant Bradley over the past ten years – including the period of time before he arrived at the Everett facility – is not unreasonable or unduly burdensome. Although the relevance of disputes regarding absenteeism or allegations of sex discrimination is probably minimal, plaintiff is entitled to the information absent a showing of "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

(3) Information regarding defendant Bradley's interactions with other Asians or Vietnamese within the workplace may be relevant. Discovery regarding his hiring, promotion, or discipline of members of the relevant protected groups is appropriate.

(4) Because permissible discovery may reveal personal information regarding third parties, the Court will enter a protective order governing such information.

(5) Defendants have failed to show that any of the other information originally sought by plaintiff, such as documentation regarding work orders, constitutes confidential financial or trade secrets protected by state law.[1] Despite plaintiff's specific demand for these documents and counsel's repeated challenge to their proposed designation as confidential, defendants insist

---

[1] Because plaintiff's claims regarding disparate job assignments have been dismissed, the work order database itself is no longer relevant.

ORDER DENYING PLAINTIFF'S
MOTION TO COMPEL AND DEFENDANTS'
MOTION FOR PROTECTIVE ORDER        -2-

that they are entitled to a protective order that gives them broad discretion when designating documents and that only after such designation is made may plaintiff object. Plaintiff has no obligation to stipulate to a protective order and clearly has no interest in facilitating defendants' discovery abuses. The Court instructs defendants not to designate as confidential generic business documents with no apparent connection to protectable financial or trade secrets.

For all of the foregoing reasons, plaintiff's motion to compel and defendants' motion for protective order are DENIED. The Court will issue a protective order governing third-party personal information and confidential financial or trade secrets protected by state law. In addition, a new case management order will issue providing a limited period of time for the parties to conduct discovery focused on the facts surrounding the failure to promote plaintiff to the lead position in 2006.

Dated this 17th day of April, 2009.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge