UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
VAN HUA,                            )     No. C08-0010RSL
                                    )
              Plaintiff,            )
    v.                              )     ORDER DENYING DEFENDANTS'
                                    )     SECOND MOTION FOR
BOEING CORPORATION, *et al.*,       )     SUMMARY JUDGMENT
                                    )
              Defendants.           )
_____)

        This matter comes before the Court on "Defendants' Second Motion for Summary Judgment on Plaintiff's Promotion Claims." Dkt. # 92. Defendants acknowledge that there are disputed factual issues regarding whether the second shift Team Lead position was "open" in March 2006 and whether plaintiff applied for the position. Motion at 1 and 4. Nevertheless, defendants argue that plaintiff's promotion claim fails as a matter of law because he has not provided any evidence that could support a finding that the position was withdrawn because of his race or national origin.

        Having reviewed the memoranda, declarations, and exhibits submitted by the parties,[1] the Court finds that a reasonable juror could find for plaintiff on his failure to promote

---

[1] Plaintiff argues that the emails and documents attached to defendant Bradley's declaration were untimely produced. The Court agrees. Defendants should have supplemented their responses to plaintiff's first set of discovery requests in April 2009 when they realized that the failure to promote claim involved Bradley's conduct in 2006, not 2004. Production of responsive documents on June 29th, two days before discovery closed, left plaintiff with very little time in which to review the documents

ORDER DENYING DEFENDANTS' SECOND
MOTION FOR SUMMARY JUDGMENT

claim. Plaintiff has shown a *prima facie* case of discrimination, thereby entitling him to an inference that defendant's conduct, if left unexplained, was more likely than not based on discriminatory criterion. See Order Granting in Part Defendants' Motion for Summary Judgment (Dkt. # 87 at 3-4). Defendants argue that an inference of discrimination is not appropriate because Boeing never promoted anyone to the Team Lead position in 2006, and plaintiff has therefore failed to show that similarly situated employees who were not in the protected class were treated more favorably. The fourth element of the McDonnell Douglas *prima facie* case is flexible and can be adjusted to take into account the various factual situations faced by employees. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 n.13 (1973). In its prior order, the Court already determined that a supervisor's decision to withdraw a promotion opportunity after he realizes that the only applicant is an otherwise-qualified minority employee could support an inference of discrimination. Order Granting in Part Defendants' Motion for Summary Judgment (Dkt. # 87 at 5).

Defendants also argue that defendant Bradley did not, in fact, open the second shift Team Lead position for applications in the spring of 2006 because the funding for that position was used to hire a fleet manager. Although there is evidence that defendants decided to hire "someone to help with the Fleet Management side of Vehicle support" in December 2005 (Decl. of Brad Bradley, Ex. C (Dkt. # 93 at TBC1486)), the documents do not show that the fleet manager position replaced the second shift Team Lead position. In the context of this summary judgment motion, the Court is not at liberty to ignore or discount plaintiff's evidence that Bradley announced that the position was open (Decl. of Van Hua (Dkt. # 46 at ¶ 2); Decl. of Robert Fortin (Dkt. # 47 at ¶ 2)), that the second shift mechanics discussed the opening (Decl. of

---

and determine whether further investigation was needed. If plaintiff believes that an additional deposition would place the late-disclosed documents in context or would otherwise clarify the events described, he may file an appropriate motion, noted on the date of filing, that specifically identifies the deponent, the information sought, and the date on which the deposition should occur.

William Schmidt (Dkt. # 104 at ¶ 3), that only plaintiff expressed an interest in applying for the position (Decl. of William Schmidt (Dkt. # 104 at ¶ 3), that plaintiff submitted an application (Decl. of Van Hua (Dkt. # 46 at ¶ 2), and that plaintiff later learned that the position had been withdrawn without explanation (Decl. of Van Hua (Dkt. # 46 at ¶ 2). The jury will have to determine the credibility of the witnesses regarding what happened in the spring of 2006.

For all of the foregoing reasons, defendants' second motion for summary judgment regarding the failure to promote claim is DENIED.

Dated this 8th day of September, 2009.

Robert S. Lasnik
United States District Judge