UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VAN HUA,

             Plaintiff,

    v.

BOEING CORPORATION, *et al.*,

             Defendants.

No. C08-0010RSL

ORDER GRANTING IN PART
PLAINTIFF'S MOTION IN LIMINE

This matter comes before the Court on plaintiff's "Motion in Limine." Dkt. # 115. Plaintiff seeks an order excluding evidence and witnesses that were not disclosed in a timely manner. Plaintiff also argues that certain exhibits are inadmissible hearsay and/or would mislead the jury. Having reviewed the memoranda, declarations, and exhibits submitted by the parties,[1] the Court finds as follows:

**(1) Fleet Manager Documents**

On June 29, 2009, defendants disclosed a number of documents tending to show that defendant Bradley was interested in hiring a Facilities General Analyst or Fleet Manager at the end of 2005. Plaintiff argues that these documents should have been produced in April when defendants realized that plaintiff's failure to promote claim arose in 2006, rather than 2004. The

---

[1] The issues raised can be decided on the papers submitted. Plaintiff's request for oral argument is therefore DENIED.

ORDER GRANTING IN PART
PLAINTIFF'S MOTION IN LIMINE

Court agrees. At the very least, defendants had a duty to supplement their initial disclosures when they discovered that they had misapprehended plaintiff's claim. See Fed. R. Civ. P. 26(e)(1).

The fact that defendants were late in disclosing the Fleet Manager documents does not necessarily mean that they are inadmissible at trial, however. The same late-disclosure issue was raised in response to defendants' second motion for summary judgment. The Court, recognizing that plaintiff had very little time in which to review the documents and determine whether further discovery was needed, invited plaintiff to seek leave to take an additional deposition if he thought it necessary to "place the late-disclosed documents in context or [to] otherwise clarify the events described." Dkt. # 114 at 1 n.1. No motion or request was filed in the intervening two months. Because plaintiff was given an opportunity to conduct additional discovery, defendants' late production was harmless.

Plaintiff argues that depositions could not undo the prejudice caused by the late disclosure because plaintiff "has no way of obtaining documents that might rebut the information contained in an email." Reply (Dkt. # 127) at 3. Plaintiff does not explain why depositions would have been less beneficial than a third set of written discovery. If plaintiff were, in fact, prejudiced by the late disclosure, the prejudice was caused in large part by plaintiff's delay in serving written discovery after the case was refocused on the 2006 events. The Court reopened discovery on April 17, 2009, yet plaintiff waited a month and a half to issue his second set of discovery requests. Defendants' responses were not due until two days before the new discovery deadline, leaving plaintiff with virtually no time in which to serve additional requests. Waiting until the last possible moment to conduct discovery will always leave stones unturned and avenues unexplored.

**(2) Witnesses**

Defendants acknowledge that Adrienne Lawrence was not disclosed as a potential witness until their pretrial statement was served on September 3, 2009. Ms. Lawrence will not,

1  therefore, be permitted to testify. Defendants' disclosure of Terry O'Brien and Tammy Seubert
2  as potential witnesses was timely. Mr. O'Brien and Ms. Seubert will be allowed to testify at
3  trial.

**(3) Redactions**

In his motion, plaintiff objected to the use of the Fleet Manager documents on the ground that defendants had improperly redacted some portions of the email chain, and that these redactions which would cause juror confusion. Motion (Dkt. # 115) at 6-7. When defendants showed that they redacted only communications between counsel and their clients (Dkt. # 107 at ¶ 4), plaintiff argued that the Fleet Manager documents should be excluded because they are not probative. Reply (Dkt. # 127) at 5. Because arguments cannot be raised for the first time in reply, the Court has not considered this objection.

**(4) Hearsay Objections**

Plaintiff asserted a general and undifferentiated hearsay objection to all of the Fleet Manager documents. Defendants argue that the documents are not offered to prove the truth of the matter asserted, will be offered to rebut a charge of recent fabrication, are admissible under the business records or state of mind exceptions to the hearsay rules, or may be used to refresh defendant Bradley's recollection. Whether defendants will properly authenticate and use the Fleet Manager documents at trial cannot be determined in the context of this motion. Because the admissibility of the Fleet Manager documents will depend on how and why they are offered at trial, plaintiff's evidentiary objections are overruled without prejudice to their being raised again.

1    For all of the foregoing reasons, plaintiff's motion in limine is GRANTED in part
2 and DENIED in part.

4    DATED this 23rd day of November, 2009.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART
PLAINTIFF'S MOTION IN LIMINE              -4-